## MATHUSHEK PIANO MANUF'G CO. v. PEARCE.

(Supreme Court, General Term, Second Department. December 12, 1892.)

PLEADING—BILL OF PARTICULARS.
 A complaint averred the delivery of pianos between certain dates, to the value of $65,000, to defendant, and that only $43,000 had been paid thereon. Plaintiff later served a bill of particulars showing the balance due, but which failed to show the pianos delivered between the dates named, and their prices, nor did it show the dates and the amounts of the payments made. *Held*, that defendant was entitled to an order requiring plaintiff to give the dates of delivery of all pianos furnished during the time named, and also the several payments made on account, with the dates thereof.

Appeal from special term.

Action by the Mathushek Piano Manufacturing Company against James Pearce. From an order refusing a bill of particulars, defendant appeals. Reversed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

J. W. Alexander, for plaintiff.

J. H. Whitelegge, for defendant.

BARNARD, P. J. The complaint avers that pianos of the value of $65,112.05 were delivered by the plaintiff to the defendant between the 14th of July, 1881, and the 10th of February, 1891, and that the defendant has paid on account thereof $43,183.09, and claims to recover a balance of $21,928.96. The defendant demanded a bill of particulars, and the plaintiff served a bill of particulars showing the balance due upon the pianos, as alleged in the complaint. The bill of particulars does not show the pianos delivered between the dates, and prices of the pianos, stated in the complaint, nor does it show the dates and amounts of the payments thereon. Without such a statement, the defendant cannot properly prepare for trial. He must meet a general claim to a very large amount, with a general credit to a very large amount, also; but he will have only a statement of balance claimed on pianos designated with certain numbers and letters. This claim will be subject to the general payments, and these payments will need the entire list of property between the times mentioned in the complaint, during which the property was delivered, and for which a claim is made to be reduced by the general sum of payments. It may be that there is the balance claimed on the designated pianos, less specific payments thereon, and still there be no balance in the general account. The order should therefore be reversed, with costs and disbursements, and the motion granted, that the

plaintiff furnish the date of the delivery of all pianos during the time claimed in the complaint, and also the several payments on account, with the dates thereof, with $10 costs of the motion at special term, to abide event.